IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Amanda Biggs, | ) | |
| | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND** |
| v. | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| Michael Boyd individually and d/b/a | ) | |
| Kennedy's Irish Pub and Grille; Blurred | ) | |
| Entertainment, Inc., Colosseum | ) | |
| Entertainment Corporation; Mark Tosone | | |
| individually and d/b/a Kennedy's Irish Pub | | |
| and Grille; and Crowne Development, | | |
| LLC, | | |
| | | |
| Defendants. | | |

Plaintiff Amanda Biggs, by and through her attorney, Ryan P. Sullivan and the law firm of Kinsey Rowe Becker & Kistler, LLP, states and alleges the following:

### JURISDICTION

1. This civil action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., under the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 58-1101 et seq., and under Nebraska common law, to redress the unlawful acts by the Defendants.

2. Plaintiff invokes the jurisdiction of this Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue herein is proper under 28 U.S.C. § 1391(b) and 42 U.S.C § 2000e-5(f)(3) where all Defendants are residents of the State of Nebraska, doing business

herein, and the alleged unlawful employment practice was committed within the State of Nebraska.

## PARTIES

4. Plaintiff is a resident of Council Bluffs, Pottawatomie County, Iowa.

5. Defendant Michael Boyd, as an individual and as a sole proprietor or part owner of the business known as Kennedy's Irish Pub and Grille (hereinafter, Kennedy's) is a resident of Papillion, Sarpy County, Nebraska.

6. Defendant Blurred Entertainment, Inc., at all times relevant to this suit was a registered Nebraska Corporation and operated in Ralston, Douglas County, Nebraska, registered agent being Michael Boyd. Defendant Blurred Entertainment, Inc., was dissolved subsequent to the creation of Plaintiff's causes of action alleged herein. Michael Boyd represented to Plaintiff, either directly or indirectly, that Blurred Entertainment Inc. was the owner or part owner of, or otherwise participated in the operating of Kennedy's.

7. Defendant Colosseum Entertainment Corporation, at all times relevant to this suit was a registered Nebraska Corporation and operated in Ralston and Omaha, Douglas County, Nebraska, registered agent being Michael Boyd. Michael Boyd represented to Plaintiff, either directly or indirectly, that Colosseum Entertainment Corporation was an owner or part owner of, or otherwise participated in the operating of Kennedy's.

8. Defendant Mark Tosone, as a sole proprietor or part owner of Kennedy's, is a resident of Omaha, Douglas County, Nebraska.

9. Defendant Crowne Development, LLC is or was an owner of Kennedy's at times relevant to this suit, and is a Nebraska Limited Liability Company operating in Ralston, Douglas County, Nebraska, registered agent being Steven M. Champoux.

10. At all times relevant to this suit, Kennedy's was located at 5170 South 72nd St., Ralston, Nebraska.

## PROCEDURAL REQUIREMENTS

11. On or about September 21, 2010 Plaintiff filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission against the Defendants, satisfying the requirements of 42 U.S.C § 2000e-5(b) and Neb. Rev. Stat. Rev. Stat. §48-1118(2). Such charges were filed within 300 days after the alleged unlawful employment practices occurred.

12. On or about January 17, 2012, the U.S. Equal Employment Opportunity Commission issued a right to sue letter which was received by Plaintiff.

## GENERAL ALLEGATIONS

13. Plaintiff is a female.

14. On August 16, 2010, Plaintiff was hired by Michael Boyd to work as a bartender at Kennedy's.

15. On or about August 16, 2010, Michael Boyd approached Plaintiff and requested she sign an agreement guaranteeing she would not sue him for sexual harassment and would make no claims for sexual harassment. Plaintiff believed it to be a joke. She did not sign the agreement.

16. During her employment, Michael Boyd made numerous inappropriate comments and requests to Plaintiff, both in person, and via text message. Such

comments were sexual in nature, inappropriate, and made Plaintiff feel uncomfortable, embarrassed, and anxious at her place of work.

17. One series of text messages from Michael Boyd included the following:

*From Michael Boyd:*

> August 17, 2010 4:28 p.m.: *"I figured you wanted to be with Tony so I made a booty call..yep. . .but heres the deal. . .ive never had a tongue ring. . .im gonna get you drunk very soon."*
>
> August 18, 2010 1:50 p.m.: *"Damn. . .struck out last night. . .wash your mouth out from Tony and polish up your tongue ring tonight. . .im getting hammered."*
>
> August 22, 2010 4:23 p.m.: *"Ill be there later for your punishment for not cleaning. . .Spanking maybe."*

18. Another series of text messages included the following:

*From Michael Boyd:*

> August 25, 2010 10:18 a.m.: *"Whats your email"*

*Plaintiff's Response:*

> August 25, 2010 10:19 a.m.: *"What are you sending?"*

*From Michael Boyd:*

> August 25, 2010, 10:20 a.m.: *"Naked pics of me"*.

19. On more than occasion Mr. Boyd would request Plaintiff show him her breasts.

20. On one occasion Michael Boyd suggested that he and Plaintiff could have sex in his office while Plaintiff was on duty, and further informed Plaintiff that she could still get paid her hourly rate even though she would be in the back having sex with him.

Mr. Boyd stated that the manager on duty would cover the bar for her while she was in the back with him having sex.

21. On more than one occasion, Michael Boyd suggested that after midnight Plaintiff should take off her top and do her job topless.

22. On numerous occasions, Mr. Boyd's conduct was observed by other employees of Kennedy's including managers and Defendant Mark Tosone, as well as customers.

23. Mr. Tosone observed Mr. Boyd flirting with and hitting on Plaintiff during her shifts.

24. Mr. Tosone was aware of Mr. Boyd's sexual advances towards Plaintiff.

25. On one occasion, Mr. Tosone witnessed an interaction between Mr. Boyd and Plaintiff where Plaintiff asked for the night off, and Mr. Boyd responded "Ok, but you have to let me spank you."

26. Mr. Tosone was aware that Mr. Boyd acted in a similarly inappropriate manner towards other female employees.

27. At no point did Plaintiff encourage Mr. Boyd's inappropriate behavior.

28. At no point did Plaintiff consent to Mr. Boyd's comments or advances.

29. Throughout her brief employment, Plaintiff repeatedly requested that Mr. Boyd discontinue his inappropriate comments and advances.

30. No owner of Kennedy's reprimanded or made reasonable attempts to prevent or limit Mr. Boyd's inappropriate conduct towards Plaintiff.

31. On September 8, 2010, Plaintiff was informed by two individuals who worked for Mr. Boyd that Plaintiff's employment at Kennedy's was terminated.

32. Mr. Boyd never provided Plaintiff with itemized wage statements or a W2 for 2010 reflecting her wages while employed at Kennedy's.

33. At all times relevant, Mr. Boyd's conduct alleged above was willful and malicious.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 2000e et sq. – Civil Rights Act of 1964
### DISCRIMINATION

34. Defendants have discriminated against Plaintiff because of her gender in the above-described incidents. Defendants were aware of the above-described incidents and failed to take proper remedial action and or to intervene in a way that would have prevented the discrimination. Defendants thereby engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e-2(a).

35. Defendants' conduct was willful and malicious.

36. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

37. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future; attorney's fees pursuant to 42 U.S.C. § 2000e-5(g); punitive damages pursuant to 42 U.S.C. 1981(a); and for such other relief deemed appropriate by the Court.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 2000e et sq. – Civil Rights Act of 1964
### HOSTILE WORK ENVIRONMENT

38. Plaintiff has been subjected to a hostile work environment by Defendants. Defendants were aware of the above-described incidents and failed to take proper

6

remedial action and or to intervene in a way that would correct or remove Plaintiff from the hostile work environment where she reasonably believed that her physical and mental health were threatened. Defendants thereby engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e-2(a).

39. Defendants' conduct was willful and malicious.

40. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

41. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future; attorney's fees pursuant to 42 U.S.C. § 2000e-5(g); punitive damages pursuant to 42 U.S.C. 1981(a); and for such other relief deemed appropriate by the Court.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 2000e et sq. – Civil Rights Act of 1964**
**SEXUAL HARASSMENT**

42. Plaintiff has been subjected to sexual harassment by Defendants. Defendants knew of the above-described incidents and failed to take proper remedial action and or to intervene in a way that would correct or remove the Plaintiff from the sexual harassment. Defendants thereby engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e-2(a).

43. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

44. Defendants' conduct was willful and malicious.

45. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future;

attorney's fees pursuant to 42 U.S.C. § 2000e-5(g); punitive damages pursuant to 42 U.S.C. 1981(a); and for such other relief deemed appropriate by the Court.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 2000e et sq. – Civil Rights Act of 1964
### RETALIATION

46. Plaintiff has been subjected to discrimination, sexual harassment, and a hostile work environment by Defendants. When Plaintiff complained of these conditions to Defendants, Plaintiff was terminated without cause in retaliation of her complaints. Defendants thereby engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e-2(a).

47. Defendants' conduct was willful and malicious.

48. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

49. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future; attorney's fees pursuant to 42 U.S.C. § 2000e-5(g); punitive damages pursuant to 42 U.S.C. 1981(a); and for such other relief deemed appropriate by the Court.

## FIFTH CLAIM FOR RELIEF
### Neb. Rev. Stat. § 48-1101 et seq. – Nebraska Fair Employment Practices Act
### DISCRIMINATION

50. Defendants have discriminated against Plaintiff because of her gender in the above-described incidents. Defendants were aware of the above-described incidents and failed to take proper remedial action and or to intervene in a way that would have prevented the discrimination. Defendants thereby engaged in unlawful employment practices prohibited by Neb. Rev. Stat. §§ 48-1104, 48-1114, and 49-1221.

51. Defendants' conduct was willful and malicious.

52. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

53. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future; attorney's fees pursuant to Neb. Rev. Stat. § 48-1120; and for such other relief deemed appropriate by the Court.

### SIXTH CLAIM FOR RELIEF
**Neb. Rev. Stat. § 48-1101 et seq. – Nebraska Fair Employment Practices Act**
**HOSTILE WORK ENVIRONMENT**

54. Plaintiff has been subjected to a hostile work environment by Defendants. Defendants were aware of the above-described incidents and failed to take proper remedial action and or to intervene in a way that would correct or remove Plaintiff from the hostile work environment where she reasonably believed that her physical and mental health were threatened. Defendants thereby engaged in unlawful employment practices prohibited by Neb. Rev. Stat. §§ 48-1104, 48-1114, and 49-1221.

55. Defendants' conduct was willful and malicious.

56. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

57. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future; attorney's fees pursuant to Neb. Rev. Stat. § 48-1120; and for such other relief deemed appropriate by the Court.

### SEVENTH CLAIM FOR RELIEF
**Neb. Rev. Stat. § 48-1101 et seq. – Nebraska Fair Employment Practices Act**

## SEXUAL HARASSMENT

58. Plaintiff has been subjected to sexual harassment by Defendants. Defendants knew of the above-described incidents and failed to take proper remedial action and or to intervene in a way that would correct or remove the Plaintiff from the sexual harassment. Defendants thereby engaged in unlawful employment practices prohibited by Neb. Rev. Stat. §§ 48-1104, 48-1114, and 49-1221.

59. Defendants' conduct was willful and malicious.

60. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

61. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future; attorney's fees pursuant to Neb. Rev. Stat. § 48-1120; and for such other relief deemed appropriate by the Court.

### EIGHTH CLAIM FOR RELIEF
### Neb. Rev. Stat. § 48-1101 et seq. – Nebraska Fair Employment Practices Act
### RETALIATION

62. Plaintiff has been subjected to discrimination, sexual harassment, and a hostile work environment by Defendants. When Plaintiff complained of these conditions to Defendants, Plaintiff was terminated without cause in retaliation of her complaints. Defendants thereby engaged in unlawful employment practices prohibited by Neb. Rev. Stat. §§ 48-1104, 48-1114, and 49-1221.

63. Defendants' conduct was willful and malicious.

64. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and continues to suffer, anxiety, humiliation, and economic harm.

65. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for economic loss and mental pain and suffering, past and future; attorney's fees pursuant to Neb. Rev. Stat. § 48-1120; and for such other relief deemed appropriate by the Court.

### NINTH CLAIM FOR RELIEF
### Tort Claim
### RETALIATORY TERMINATION

66. Plaintiff has been subjected to discrimination, sexual harassment and a hostile work environment by Defendants.

67. Plaintiff was terminated by Defendants for refusing to fulfill Defendant Michael Boyd's above-described sexual requests, and for complaining of same.

68. Defendants' motivation for terminating Plaintiff contravenes public policy, and therefore constitutes wrongful termination under Nebraska law.

69. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered and continues to suffer economic damages.

70. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for lost wages, past and future, and for such other relief deemed appropriate by the Court.

### TENTH CLAIM FOR RELIEF
### Tort Claim
### ASSAULT

71. Defendant Michael Boyd's conduct alleged above represents wrongful offers or attempts with force or threats, made in a menacing manner, with intent to inflict bodily injury upon Plaintiff with present apparent ability to give effect to such offer or attempt.

11

72.     Defendants' conduct was willful and malicious.

73.     As a direct and proximate cause of Defendant Michael Boyd's conduct, Plaintiff has suffered, and continues to suffer, anxiety and humiliation.

74.     Wherefore, Plaintiff prays for judgment against Defendant Michael Boyd for compensatory damages for mental pain and suffering, past and future, and for such other relief deemed appropriate by the Court.

## ELEVENTH CLAIM FOR RELIEF
### Tort Claim
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75.     Defendant Michael Boyd's conduct described above represents intentional or reckless conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in civilized community.

76.     As a direct and proximate cause of Defendant Michael Boyd's conduct, Plaintiff has suffered, and continues to suffer, emotional distress so severe that no reasonable person should be expected to endure it.

77.     Wherefore, Plaintiff prays for judgment against Defendant Michael Boyd for compensatory damages for mental pain and suffering, past and future, and for such other relief deemed appropriate by the Court.

## TWELFTH CLAIM FOR RELIEF
### Tort Claim
### DEFAMATION

78.     Defendant Michael Boyd made false and defamatory statements concerning Plaintiff, to wit: That Plaintiff was a thief, that Plaintiff was a liar, that

Plaintiff was sexually promiscuous, that Plaintiff stole money from the bar, and that Plaintiff lacked bartending skills.

79. Such statements were published to a third party, to wit: Plaintiff's co-workers and customers.

80. Defendant Michael Boyd's statements were made at least negligently.

81. As a direct and proximate cause of Defendant Michael Boyd's defamatory statements, Plaintiff has suffered, and continues to suffer, anxiety and humiliation.

82. Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for mental pain and suffering, past and future, and for such other relief deemed appropriate by the Court.

### THIRTEENTH CLAIM FOR RELIEF
### Tort Claim
### LIBEL

83. Defendant Michael Boyd made false and defamatory statements concerning Plaintiff, to wit: That Plaintiff was a thief, that Plaintiff was a liar, that Plaintiff was sexually promiscuous, that Plaintiff stole money from the bar, and that Plaintiff lacked bartending skills.

84. Such statements falsely imputed the commission of a crime involving moral turpitude and or prejudiced Plaintiff in her profession.

85. Such statements were published to a third party, to wit: Plaintiff's co-workers and customers.

86. Defendant Michael Boyd's statements were made at least negligently.

87. As a direct and proximate cause of Defendant Michael Boyd's libelous statements, Plaintiff has suffered, and continues to suffer, anxiety and humiliation.

88.     Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for mental pain and suffering, past and future, and for such other relief deemed appropriate by the Court.

### FOURTEENTH CLAIM FOR RELIEF
### Neb. Rev. Stat. §§ 48-1230 thru 48-1232 – Nebraska Fair Employment Practices Act
### FAILURE TO PAY WAGES OWED & TO PROVIDE ITEMIZED STATEMENT

89.     Plaintiff worked for Defendants from August 16, 2010 to September 8, 2010.

90.     Defendants failed to pay Plaintiff on regularly-scheduled pay days.

91.     Defendants altered Plaintiff's hours worked in order to pay her less than she was owed.

92.     Defendants wrongfully deducted from Plaintiff's pay amounts which Defendants lost through its gambling operations.

93.     Defendants refused to furnish Plaintiff with an itemized statement of her wages.

94.     Defendants refused to furnish Plaintiff with an IRS Form W2 for the 2010 tax year.

95.     Wherefore, Plaintiff prays for judgment against Defendants for compensatory damages for wages lost in an amount to be determined at trial; penalties pursuant to Neb. Rev. Stat. § 48-1232(2); reasonable attorney's fees pursuant to Neb. Rev. Stat. § 48-1231; and for such other relief deemed appropriate by the Court.

Dated this 24th of February, 2012.

Amanda Biggs, Defendant


By: <u>/s/ Ryan P. Sullivan</u>
Ryan P. Sullivan - #24538
Kinsey Rowe Becker & Kistler, LLP
121 South 13th Street, Suite 601
P.O. Box 85778
Lincoln, Nebraska 68501-5778
(402) 438-1313 Ext. 27
(402) 438-1654 (fax)
rsullivan@krbklaw.com


Plaintiff's Attorneys