IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BIGGS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL BOYD, individually and doing business as Kennedy's Irish Pub and Grille; BLURRED ENTERTAINMENT, INC., COLOSSEUM ENTERTAINMENT CORPORATION, MARK TOSONE, individually and doing business as Kennedy's Irish Pub and Grille; and CROWNE DEVELOPMENT, LLC,<br><br>　　　　　Defendants. | 4:12CV3037<br><br>**MEMORANDUM AND ORDER** |

　　　　Defendant Michael Boyd has moved to strike the plaintiff's allegations to pierce the corporate veil of defendants Blurred Entertainment, Inc. and Colosseum Entertainment Corporation. (Filing No. 54). For the reasons discussed herein, the motion will be denied.

ANALYSIS

　　　　The plaintiff's complaint alleges Amanda Biggs was subjected to sexual harassment and discrimination while working at Kennedy's Irish Pub and Grille; was terminated in retaliation for complaining about this unlawful conduct; was not paid for wages earned in violation of the Nebraska Fair Employment Practices Act; and was assaulted, defamed, and subjected to intentional infliction of emotional distress in violation of Nebraska common law. (Filing No. 51).

　　　　The complaint further alleges Kennedy's Irish Pub and Grille was the sole asset of defendant Blurred Entertainment; defendant Boyd was the principal shareholder and director of Blurred Entertainment and defendant Colosseum; Boyd diverted Blurred

Entertainment and Colosseum assets to his own or other improper uses; Blurred Entertainment and Colosseum are grossly under-capitalized, failed to maintain adequate corporate and financial records, disregarded corporate legal formalities, and failed to maintain an arm's-length relationship among themselves and defendant Boyd; and as a result, Blurred Entertainment and Colosseum must be regarded as mere alter egos of Boyd. The complaint alleges Colosseum was dissolved, and after this case was filed, Boyd sold and distributed the assets of Blurred Entertainment, rendering it insolvent, and then dissolved Blurred Entertainment. The plaintiff alleges Boyd intentionally and fraudulently caused Blurred Entertainment to become insolvent to deliberately "hinder, delay, and defraud existing and subsequent creditors and claimants of Blurred Entertainment, Inc., and any individual receiving such distributions." (Filing No. 51, ¶¶ 34-46). In other words, the plaintiff seeks to pierce Blurred Entertainment's corporate veil to reach the assets of Boyd and perhaps Colosseum for recovery on any judgment entered in this case.

Pending before me is defendant Boyd's motion to strike the allegations seeking to pierce the corporate veils of Blurred Entertainment and Colosseum, (Filing No. 54). Boyd claims the allegations are redundant, immaterial, impertinent, scandalous, and will confuse the issues germane to plaintiff's claims. See Fed. R. Civ. P. 12(f). Boyd claims piercing the corporate veil is relevant solely to the issue of who must pay for any judgment entered, and therefore the issue should not be raised absent a threshold finding of liability. Boyd explains:

> While not specifically stated by Nebraska courts, it is logically implicit that in order to pierce the corporate veil there must be an underlying liability or debt for which one may be held liable. As has been held in other courts, piercing the corporate veil is not a cause of action, but is instead simply a means of imposing liability from an underlying cause of action. Wilson v. Davis, 305 S.W.3d 57, 68 (Tex.App. 2009)(See also Christian v. Smith, 276 Neb. 867, 759 N.W.2d 447 (2008). Here there has been no finding of

2

>liability against any Defendant; therefore, the veil piercing allegations are premature at best.

(Filing No. 67 at CM/ECF p. 2).

A claim for Title VII recovery must be filed against the plaintiff's "employer." Van Horn v. Best Buy Stores, L.P., 526 F.3d 1144 (8th Cir. 2008); Powell v. Yellow Book USA, Inc., 445 F.3d 1074 (8th Cir. 2006). For the purposes of VII, "employer" may include not only corporate entities who are named as the plaintiff's employer, but also individuals or entities who are, in reality, the alter ego of the named employer. Papa v. Katy Indus., Inc., 166 F.3d 937, 940–41 (7th Cir. 1999) (holding that an affiliate's corporate existence may be disregarded, and the affiliate held to be an employer under Title VII, if the traditional conditions are present to pierce the corporate veil, the affiliate splits itself into tiny corporations for the express purpose of avoiding liability under Title VII, and/or the parent corporation directed the discriminatory act of which the plaintiff is complaining); Milliner v. Enck, 1998 WL 303725, 2 (E.D. Pa. 1998) ("[E]xempting owner liability from Title VII does not permit owners who discriminate to escape unscathed. Owners will necessarily feel the pinch of the employing entity's liability if plaintiffs successfully 'pierce the corporate veil' and demonstrate that the owner is actually the 'alter ego' of the employer."); Ratcliffe v. Insurance Co. of North America, 482 F.Supp. 759, 764 (E.D. Pa.1980) ("Where separate corporate entities are so interrelated and integrated in their activities, labor relations, and management, it is clear that for Title VII jurisdictional purposes they may be treated as a single employer."). See also, Baker v. Stuart Broadcasting Co., 560 F.2d 389 (8th Cir. 1977) (in determining whether two corporations may be treated as one for purposes of defining the "employer" under Title VII, the court should consider the interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control).

A plaintiff seeking Title VII recovery from an owner and/or officer as the alleged alter ego of a corporate employer must allege facts to support piercing the corporate veil — that the individual defendants exercised dominion and control over the employer company or disregarded the legal formalities of a separate corporate identity. White v. Midwest Office Techology, Inc., 979 F.Supp. 1354, 1357 (D. Kan.1997). If the plaintiff fails to allege such facts in her complaint, the plaintiff's claims against an individual owner or officer of the named employer are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Id.

Upon review of Biggs' complaint, if Biggs' named employer was Blurred Entertainment or Colosseum, absent allegations to support piercing the corporate veil of these entities, her complaint would fail to state a Title VII claim against defendant Boyd. Thus, Bigg's factual allegations supporting piercing the corporate veils of Blurred Entertainment or Colosseum are not premature; that is, they are not raised solely for determining how to collect any judgment which may ultimately be entered. E.E.O.C. v. Management Hospitality of Racine, Inc., 666 F.3d 422, 441 (7th Cir. 2012) (reversing the district court where it permitted the EEOC to allege the defendant "so far controlled the plaintiff's employment relationship that it is appropriate to regard [the defendant] as the de facto or indirect employer of the plaintiff" and these allegations were raised too late to afford the defendant an adequate ability to respond); Roberts v. Air Capitol Plating, Inc., 1997 WL 446266, 8 (D. Kan. 1997) (rejecting the defendant's argument that discovery on the issue of piercing the corporate veil should be stayed until after the plaintiff obtains a favorable judgment on her discrimination claims and is unable to satisfy that judgment from the named employer). Rather, the allegations are relevant to identifying, through litigation, the plaintiff's actual "employer" for the purposes of Title VII.

Boyd claims the plaintiff's "corporate governance allegations amount to nothing less than a means to interject conclusory allegations that cast Boyd in a negative light." (Filing No. 59 at CM/ECF p. 4). He claims he will be prejudiced by increased costs,

complication of issues, and confusion of the evidentiary record if the discovery and trial of this case includes the issue of piercing the corporate veil. Biggs argues she would be prejudiced if required "to incur unnecessary time and expense in bringing two separate suits and enduring two separate trials in order to assert and collect on her claim for damages against Mr. Boyd arising from the same set of facts." (Filing No. 68 at CM/ECF p. 7).

If there is no evidentiary support for the plaintiff's alter ego allegations, the matter can be resolved by summary judgment. If there is evidentiary support for piercing the corporate veil, based on the allegations of the complaint, the defense witness or witnesses on the alleged discriminatory and retaliatory conduct issues and the corporate governance issues are very likely the same people. There is little efficiency to be gained by deposing these witnesses more than once. As to the trial itself, there is authority for bifurcating the trial; the first trial to determine if Title VII liability exists, and the second to determine the issue of piercing the corporate veil. See, e.g., Mandeville v. Quinstar Corp., 109 Fed.Appx. 191, 194, 2004 WL 1571087, 2 (10th Cir. 2004). That issue can be taken up later on a more fully developed factual record.

Accordingly,

IT IS ORDERED that the defendant's motion to strike, (Filing No. 54), is denied.

January 2, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.